UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

| | | |
|---|---|---|
| WALEED MOHAMED | ) | Case No. 1:11-CV-0511 (DNH/RFT) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| COLLECTO, INC. DBA EOS CCA | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4. Plaintiff, Waleed Mohamed ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Schenectady, and City of Glenville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Collecto, Inc. dba EOS CCA ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from

Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. Defendant demanded payment from Plaintiff with regard to an alleged debt that was not owed by Plaintiff, at which time, Plaintiff stated to Defendant that the alleged debt was not his, that he refused to pay any amounts toward said alleged debt, and demanded that Defendant cease placing telephone calls to him. Defendant continued to place repeated and continuous telephone calls to Plaintiff with the intent to harass, annoy and abuse Plaintiff. (15 U.S.C. §§ 1692d(5), 1692e(2)(A), 1692e(10)).

14. Defendant made initial contact with Plaintiff via telephone call on December 15, 2010, and at such time, failed to provide Plaintiff with the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq., and further failed to provide Plaintiff with such disclosures within five (5) days thereafter. (15 U.S.C. § 1692g(a) et seq.).

15. Defendant placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice. (47 U.S.C. 227(b)(1)(A)(iii)).

16. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I

17. Plaintiff repeats and re-alleges each and every allegation contained above.

18. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

19.    Plaintiff repeats and re-alleges each and every allegation contained above.

20.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

    b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

    c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

    d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

    e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

 f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby demands a trial by jury.

 This 4th day of May, 2011.

 ATTORNEYS FOR PLAINTIFF
 *Waleed Mohamed*

 Respectfully submitted,

 s/Dennis R. Kurz
 Dennis R. Kurz
 NY Bar No. 4570453
 ***Weisberg & Meyers, LLC***
 Attorneys for Plaintiff
 300 International Drive, Suite 100
 Williamsville
 Buffalo, NY 14221
 (888) 595-9111 ext. 412
 (866) 842-3303 (fax)
 dkurz@attorneysforconsumers.com

 ***Please send correspondence to the address below***

 Dennis R. Kurz
 NY Bar No. 4570453
 ***Weisberg & Meyers, LLC***
 Attorneys for Plaintiff
 5025 N. Central Ave. #602
 Phoenix, AZ 85012